SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
------------------------------------------------------------X
LENNY HALMAN, an Infant, by DAYANA
HALMAN, his Parent and Natural Guardian, and          VERIFIED COMPLAINT
DAYANA HALMAN, Individually
                                                      Index No.: 21393/2012
                     Plaintiffs,                      Date Filed: 7/6/12

       -against-

SHARON BENATTABOU, M.D., SHUCHIN
SHUKLA, M.D., REBECCA WILLIAMS, M.D.,
ANNA FLATTAU, M.D., and MONTEFIORE
MEDICAL CENTER,

                     Defendants.
------------------------------------------------------------X

   Plaintiffs, by their attorney, SCAFFIDI & ASSOCIATES, complaining of the defendants, SHARON BENATTABOU, M.D, SHUCHIN SHUKLA, M.D., REBECCA WILLIAMS, M.D., ANNA FLATTAU, M.D., and MONTEFIORE MEDICAL CENTER, allege upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF LENNY HALMAN

1. That at all times hereinafter mentioned the plaintiff DAYANA HALMAN was and is a resident of the County of The Bronx, State of New York.

2. That at all times hereinafter mentioned plaintiff DAYANA HALMAN was and is the parent and natural guardian of the infant LENNY HALMAN.

3. That at all times hereinafter mentioned the defendant, SHARON BENATTABOU, M.D, was and is a resident of the County of The Bronx, State of New York.

4. At all times hereinafter mentioned, defendant, SHARON BENATTABOU, M.D, was or represented herself to be a physician duly licensed by the State of New York for the practice of her profession.

1

5. At all times hereinafter mentioned, the defendant, SHARON BENATTABOU, M.D. was an employee of the defendant, MONTEFIORE MEDICAL CENTER.

6. That at all times hereinafter mentioned the defendant SHUCHIN SHUKLA, M.D. was and is a resident of the County of The Bronx, State of New York.

7. At all times hereinafter mentioned, defendant, SHUCHIN SHUKLA, M.D., was or represented him/herself to be a physician duly licensed by the State of New York for the practice of his/her profession.

8. At all times hereinafter mentioned, the defendant, SHUCHIN SHUKLA, M.D., was an employee of the defendant, MONTEFIORE MEDICAL CENTER.

9. At all times hereinafter mentioned, defendant SHUCHIN SHUKLA, M.D. was an Intern, Resident or Fellow at the defendant MONTEFIORE MEDICAL CENTER

10. That at all times hereinafter mentioned the defendant REBECCA WILLIAMS, M.D. was and is a resident of the County of The Bronx, State of New York.

11. At all times hereinafter mentioned, defendant, REBECCA WILLIAMS, M.D., was or represented herself to be a physician duly licensed by the State of New York for the practice of her profession.

12. At all times hereinafter mentioned, the defendant, REBECCA WILLIAMS, M.D., was an employee of the defendant, MONTEFIORE MEDICAL CENTER.

13. That at all times hereinafter mentioned the defendant ANNA FLATTAU, M.D. was and is a resident of the County of The Bronx, State of New York.

14. At all times hereinafter mentioned, defendant, ANNA FLATTAU, M.D., was or represented herself to be a physician duly licensed by the State of New York for the practice of her profession..

15. At all times hereinafter mentioned, the defendant, ANNA FLATTAU, M.D., was an employee of the defendant, MONTEFIORE MEDICAL CENTER.

16. Upon information and belief, that at all times hereinafter mentioned defendant, MONTEFIORE MEDICAL CENTER, was and is a domestic corporation, organized and existing under and by virtue of the laws of the State of New York, and maintains its principal office in the County of the Bronx, State of New York.

17. At all times hereinafter mentioned, defendant, MONTEFIORE MEDICAL CENTER, its agents, servants and employees controlled medical facilities, known as MONTEFIORE MEDICAL CENTER, and its related clinics, practice groups, and offices for the care of sick and ailing persons.

18. At all times hereinafter mentioned, defendant, MONTEFIORE MEDICAL CENTER, its agents, servants and employees maintained medical facilities, known as MONTEFIORE MEDICAL CENTER, and its related clinics, practice groups, and offices, for the care of sick and ailing persons.

19. At all times hereinafter mentioned, defendant, MONTEFIORE MEDICAL CENTER, its agents, servants and employees managed medical facilities, known as MONTEFIORE MEDICAL CENTER, and its related clinics, practice groups, and offices, for the care of sick and ailing persons.

20. At all times hereinafter mentioned, defendant, MONTEFIORE MEDICAL CENTER, its agents, servants and employees operated medical facilities, known as MONTEFIORE MEDICAL CENTER, and its related clinics, practice groups, and offices, for the care of sick and ailing persons.

21. At all times hereinafter mentioned, defendant, MONTEFIORE MEDICAL CENTER, its agents, servants and employees owned medical facilities, known as MONTEFIORE MEDICAL CENTER, and its related clinics, practice groups, and offices, for the care of sick and ailing persons.

22. At all times hereinafter mentioned, the defendants, their agents, servants and/or employees undertook and agreed to render medical care to the infant LENNY

3

HALMAN and her mother, DAYANA HALMAN, herein from approximately January 1, 2010 through September 30, 2011, and thereafter.

23. The defendants, their agents, servants, partners, interns, residents and/or employees were negligent in the care rendered for and on behalf of the infant-plaintiff, LENNY HALMAN, in negligently failing and neglecting to use reasonable care in the services and care rendered for and on behalf of the plaintiff, in negligently and carelessly neglecting to heed plaintiff's condition, in negligently departing from accepted practices in the services rendered for and on behalf of the infant-plaintiff, LENNY HALMAN, in failing to follow good practice, in performing contraindicated procedures on the plaintiff, in failing to perform indicated procedures in a proper manner, in performing indicated procedures negligently on the plaintiff and negligently performing procedures on the plaintiff. In addition to the foregoing, plaintiff reserves the right to rely on the doctrine res ipsa loquitur.

24. That the limitations set forth in CPLR Section 1601 do not apply by reason of one or more of the exceptions of CPLR Section 1602.

25. As a result of the foregoing, the Infant-Plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses and was permanently injured and disabled.

26. That the infant-plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF LENNY HALMAN

27. Plaintiff repeats, reiterates and realleges each and every paragraph of the complaint numbered "1" through "26" with the same force and effect as if fully set forth at length herein.

28. The defendants by their agents, servants, employees, interns, residents, attendings, physicians, staff, partners and/or others acting within their control failed to advise of the risks, hazards and danger inherent in the treatment rendered, failed to advise of the alternatives thereto and failed to obtain an informed consent.
29. The defendants failed to disclose to the infant LENNY HALMAN's parents such alternatives to the treatment and the reasonably foreseeable risks and benefits involved as a reasonable medical provider under similar circumstances would have disclosed in a manner permitting the patient's parents to make a knowledgeable evaluation.
30. A reasonably prudent person in infant LENNY HALMAN's parents position would not have undergone the treatment or diagnoses if infant LENNY HALMAN's parents had been fully informed and the lack of informed consent is a proximate cause of the injury and/or condition for which relief is sought.
31. As a result of the foregoing, the Infant-Plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses and was permanently injured and disabled.
32. That the infant-plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF LENNY HALMAN

33. Plaintiff repeats, reiterates and realleges each and every paragraph of the complaint numbered "1" through "32" with the same force and effect as if fully set forth at length herein.
34. Defendant, MONTEFIORE MEDICAL CENTER, prior to the granting and renewing of privileges or employment of its interns, residents, fellows, technicians, staff, agents, servants, nurses, attendings, employees, co-defendants, and others

involved in the infant LENNY HALMAN's care, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said individuals, including, but not limited to, obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this state or another state, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and failed to make sufficient inquiry of the physicians and employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

35. Had the defendant, MONTEFIORE MEDICAL CENTER, made the above stated inquiry or in the alternative had said Defendant reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

36. By reason of that defendant's failure to meet the aforementioned obligation, the infant LENNY HALMAN, was treated by interns, residents, attendings, physicians, and other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which infant LENNY HALMAN, sustained severe injuries and complications.

37. As a result of the foregoing, the Infant-Plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses and was permanently injured and disabled.

38. That the infant-plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DAYANA HALMAN

39. Plaintiff DAYANA HALMAN repeats, reiterates and realleges each and every paragraph of the complaint numbered "1" through "38" with the same force and effect as if fully set forth at length herein.

40. That at all times mentioned, plaintiff DAYANA HALMAN was and still is the mother of infant LENNY HALMAN and was entitled to and did receive the services of her said infant.

41. That by reason of the aforesaid plaintiff DAYANA HALMAN has been deprived of the services of her said infant and has been compelled to render services, expend money and incur obligations for physician services, medical expenses, and hospital expenses and for the care and treatment for the injuries sustained by infant LENNY HALMAN.

42. That the plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendants, on the first cause of action, on the second cause of action, on the third cause of action, and on the fourth cause of action, together with the costs and disbursements of this action.

Dated: New York, New York
July 6, 2012

>                SCAFFIDI & ASSOCIATES
>                Attorney for Plaintiffs
>                747 Third Avenue, Suite 10-B
>                New York, NY 10017
>                (212) 593-2155

## ATTORNEY'S VERIFICATION

Robert M. Marino, an attorney duly admitted to practice law before the Courts of the State of New York affirms the truth of the following under penalties of perjury: I am attorney associated with the Law Offices of Scaffidi & Associates, attorney of record for the plaintiffs in the within action; I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to those matters said to be upon information and belief and as to those matters I believe them to be true.

This affirmation is submitted by the undersigned because the plaintiff is not in the county where I maintain my office.

Dated: July 6, 2012

_____
Robert M. Marino, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
---------------------------------------------------------------X
LENNY HALMAN, an Infant, by DAYANA
HALMAN, his Parent and Natural Guardian, and         CERTIFICATE OF
DAYANA HALMAN, Individually                          MEDICAL MALPRACTICE

       Plaintiffs,       Index No.: 21393/2012

  -against-

SHARON BENATTABOU, M.D., SHUCHIN
SHUKLA, M.D., REBECCA WILLIAMS, M.D.,
ANNA FLATTAU, M.D., and MONTEFIORE
MEDICAL CENTER,

       Defendants.
---------------------------------------------------------------X

  ROBERT M. MARINO, an attorney associated with the Law Offices of Scaffidi & Associates attorney for the plaintiffs in the above action, declares that a physician licensed to practice in the State of New York, who is knowledgeable of the relevant issues, was consulted.

  On the basis of this consultation, the attorney has concluded that there is a reasonable basis for commencement of this action.

Dated: New York, New York
   July 6, 2012

                _____
                Robert M. Marino, Esq.

1

Index No. 213939/2012E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
LENNY HALMAN, an Infant, by DAYANA HALMAN, his
Parent and Natural Guardian, and DAYANA HALMAN,
Individually,

                                               Plaintiffs,

    -against-

SHARON BENATTABOU, M.D., SHUCHIN SHUKLA,
M.D., REBECCA WILLIAMS. M.D., ANNA FLATTAU,
M.D., and MONTEFIORE MEDICAL CENTER,

                                               Defendants.
----------------------------------------------------------------X


SCAFFIDI & ASSOCIATES
Attorney for Plaintiff
747 Third Avenue, Suite 10B, New York, New York 10017
TEL. 212-593-2155; FAX. 212-593-2257

<u>Summons and Verified Complaint</u>